### Charles R. Nichols *vs.* Henry F. Holt.

The indorsee of a promissory note, upon receiving a partial payment from the maker, agreed not to sue him for the balance, and subsequently transferred the note to H.   H. sued the indorser for the balance, and attached his real estate; and he pending the suit conveyed said estate to W., taking back an agreement to save him harmless from the suit.   H. recovered judgment for the balance of the note and levied on the estate; and transferred the judgment and the estate levied on to B., who agreed with the maker to obtain for him a discharge of all liability upon the note.   *Held,* that the indorser could recover of the maker the amount which he had been obliged to pay; and that evidence of the nature and consideration of the conveyance by him to W. and that W. had no knowledge of the attachment was immaterial, and its exclusion no ground of exception.

Action of contract against the maker of a promissory note for $689.50, dated February 21st 1848, and payable to the plaintiff.   Answer, no interest in the plaintiff; and payment.

At the trial in the court of common pleas at December term 1856 before *Perkins,* J., the defendant introduced evidence of these facts :  The plaintiff indorsed the note for valuable consideration to J. W. Blodgett & Company, who, on the 1st of December 1848, upon receiving $369 from the defendant, signed an agreement " not to sue or molest him by reason of said note, nor at any time hereafter call upon him for the payment of said note," and " not to call on Charles R. Nichols as indorser of the note for the space of nine months from the date of" that agreement.   Blodgett & Company subsequently transferred the note to Ephraim Hutchins, who after the expiration of nine months sued the plaintiff as indorser, attached his real estate, recovered judgment against him for the balance due upon the note, and satisfied it by a levy of execution upon the real estate.   After the attachment and pending the suit, the plaintiff conveyed his real and personal property to Daniel West, taking back an ob-

ligation to defend the action brought by Hutchins, and to save the plaintiff harmless from that action, and from any judgment thereon. Hutchins, with the assent of the plaintiff and defendant, assigned the judgment recovered by him against the plaintiff to Daniel Bradt, and gave him a quitclaim deed of the property levied upon ; and Bradt agreed to procure for the defendant a full discharge from all liability upon the note in suit.

The defendant offered to prove by West that, when he took the deed of the land attached, nothing was said about the attachment, and that he did not think of it; the actual consideration of that conveyance; that West defended Hutchins's suit at his own expense ; that previously to that conveyance he had become liable for the plaintiff to the amount of $8000 ; and that all the property so conveyed did not exceed $4000 in value. But all this evidence was excluded as immaterial.

The judge instructed the jury that if the plaintiff, at the commencement of this suit, held the interest in the note, which he appeared from the evidence introduced to have held, and if there had been no other payments than those proved, he was entitled to recover. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*R. B. Caverly*, for the defendant.

*B. F. Butler*, for the plaintiff.

METCALF, J. The court cannot see, in the evidence given by the defendant, any legal defence to this action. The defendant has paid only $369 on the note; the plaintiff, as indorser, has paid the balance by satisfying a judgment therefor in a suit against which he had no legal defence ; and he is now entitled to recover that balance from the defendant in this action. Such is the effect of the transaction between Blodgett & Company and the defendant, and the recovery by Hutchins against the plaintiff. *Sohier* v. *Loring*, 6 Cush. 537. *Hutchins* v. *Nichols*, 10 Cush. 299. And this claim on the defendant is in no way impaired or affected by the transactions between the plaintiff and West, or by the transactions between the defendant and Bradt.

The plaintiff has the note in his possession ; and under the

instructions given to the jury it must now be taken as a fact that he held the interest in it when he commenced this action. And we need not inquire whether he pursues this action for his own benefit, or for the benefit of West, to whom he conveyed the real estate which Hutchins had attached and which was levied upon in satisfaction of Hutchins's judgment.

The exceptions to the exclusion of certain testimony offered by the defendant at the trial have not been much insisted on in argument, and cannot be sustained. That testimony was not material to the issue.                  *Exceptions overruled.*